UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:21-cv-10-KDB
(5:19-cr-102-KDB-DSC-1)

| | |
|---|---|
| JOSHUA ALLEN MCCLOUD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

**I.   BACKGROUND**

Petitioner was charged in the underlying criminal case with: Count (1), possession with intent to distribute methamphetamine (21 U.S.C. §841(a)(1), (b)(1)(a); 18 U.S.C. § 2); Count (2) possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)(i)); and Counts (3)-(4), possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)). (5:19-cr-102 (CR) Doc. No. 1). Counts (3) and (4) charged that Petitioner, "**knowing that he had previously been convicted of at least one crime punishable by imprisonment for a term exceeding one year**, did knowingly possess one or more firearms … in and affective commerce…." (CR Doc. No. 1 at 2) (emphasis added).

Petitioner pleaded guilty pursuant to a written Plea Agreement to Counts (1) and (4) and admitted being guilty of those Counts. (CR Doc. No. 13 at 1). The Plea Agreement set forth Petitioner's sentencing exposure and Petitioner acknowledged that the Court would consider the U.S. Sentencing Guidelines; had not yet determined the sentence; that any estimate was a

1

prediction rather than a promise; the Court would have the final discretion to impose any sentence up to the statutory maximum and would not be bound by the parties' recommendations or agreements; and Petitioner would not be permitted to withdraw his plea as a result of the sentence imposed. (CR Doc. No. 13 at 2). The parties agreed to jointly recommend: the amount of methamphetamine (actual) that was known to or reasonably foreseeable to Petitioner was in excess of 50 grams but less than 150 grams; the plea is timely for purposes of U.S. Sentencing Guidelines § 3E1.1(b), if applicable; the career offender or armed career criminal enhancements may be used in determining the sentence, if applicable; and neither party will seek a departure or variance from the applicable guideline range. (CR Doc. No. 13 at 2-3). The Plea Agreement provides that Petitioner stipulated to the existence of a factual basis to support his guilty plea and that he stipulated to the written Factual Basis that was filed with the Plea Agreement, and that the Court may use the offense conduct set out in the Presentence Report (PSR) without objection by Petitioner for any purpose. (CR Doc. No. 13 at 4). The Plea Agreement sets forth the rights Petitioner was waiving by pleading guilty, and specifically provides that Petitioner was waiving the rights to contest his conviction and/or sentence in post-conviction motions and on appeal except for claims of ineffective assistance of counsel or prosecutorial misconduct. (CR Doc. No. 13 at 4).

The Factual Basis provides in relevant part:

1. On or about January 29, 2019, in Caldwell County, within the Western District of North Carolina, the defendant, JOSHUA ALLEN MCCLOUD, aiding and abetting other persons both known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute, a controlled substance, that is fifty (50) grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841 (a)(l) and (b)(1)(A) and Title 18, United States Code, Section 2.

2. On or about November 11, 2018, in Caldwell County, within the Western District of North Carolina, the defendant, JOSHUA ALLEN MCCLOUD, **knowing that**

**he had previously been convicted of at least one crime punishable by imprisonment for a term exceeding one year**, did knowingly possess one or more firearms, that is, a Mossberg 12- gauge shotgun, in and affecting commerce; in violation of Title 18, United States Code, Section 922(g)( 1 ).

(CR Doc. No. 12 at 1) (emphasis added).

A United States Magistrate Judge conducted a plea hearing pursuant to Rule 11 at which Petitioner was represented by counsel. See (CR Doc. No. 16) (Acceptance). Petitioner stated, under oath, that he wanted the Court to accept his guilty plea; he understood his sentencing exposure and the consequences of pleading guilty; he understood the rights he was waiving by pleading guilty; and he was pleading guilty because he is guilty. (CR Doc. No. 16 at 1-4). Petitioner further stated that he read the Plea Agreement, understood it, and agreed to it including the appellate and post-conviction waivers. (CR Doc. No. 16 at 4). He also read the Factual Basis, understood it, and agreed with it. (Id.). Petitioner stated that nobody threated, intimidated, or forced him to plead guilty, and that nobody has made any promises of leniency or a light sentence other than the terms of his Plea Agreement, to induce him to plead guilty. (Id.). Petitioner had enough time to discuss any possible defense with his attorney and was satisfied with counsel's services. (CR Doc. No. 16 at 5).

Petitioner provided the probation officer the following written statement admitting his involvement in the offense, "I accept responsibility for my offense of conviction as described in the Factual Basis." (CR Doc. No. 20 at ¶ 13).

The Presentence Investigation Report ("PSR") calculated the offense level based on the methamphetamine offense because it carried the higher offense level. The PSR calculated the base offense level as 30 for a violation of § 841(a)(1) and two levels were added because a dangerous weapon was possessed. (CR Doc. No. 20 at ¶¶ 16-17). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 29. (CR Doc. No. 20 at ¶¶ 31-33). Petitioner

3

had eight criminal history points and a criminal history category of IV. (CR Doc. No. 20 at ¶¶ 63-64). The resulting advisory guideline range was 121 to 151 months' imprisonment. (CR Doc. No. 20 at ¶ 109).

The Court accepted Petitioner's guilty plea and, in a Judgment entered on July 10, 2020, sentenced him to a total of 132 months' imprisonment followed by five years of supervised release. (CR Doc. No. 24). Petitioner did not appeal.

Petitioner filed the instant *pro se* § 2255 Motion to Vacate on January 25, 2021.[1] (Doc. No. 1). He argues that the § 922(g)(1) offense is invalid because the an element of the offense was not charged or proven beyond a reasonable doubt, which is a structural error. Petitioner asks for the § 922(g) conviction to be "reversed" pursuant to Rehaif v. United States, 139 S.Ct. 2191 (2019). (Doc. No. 1 at 12).

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C.A. foll. § 2255 (addressing inmate filings).

4

on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). The Court also determines that no response from the Government is required.

**III.     DISCUSSION**

Petitioner contends that his § 922(g) conviction is invalid because the knowing element was not charged or proven, which is structural error.

The Supreme Court held in Rehaif that the government must prove, in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. The Fourth Circuit Court of Appeals has held that a Rehaif error is structural. United States v. Gary, 954 F.3d 194 (4th Cir. 2020), *certiorari granted* 2021 WL 77245 (Jan. 8, 2021).

"[A] guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Thus, after a guilty plea, a defendant may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Blackledge v. Perry, 417 U.S. 21, 29-30 (1974). A defendant is limited "to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id.

The record reveals that Petitioner pleaded guilty knowingly and voluntarily with full knowledge of his plea's consequences. The Magistrate Judge conducted a thorough Rule 11 colloquy and concluded that Petitioner understood his sentencing exposure and the waiver of his appellate and post-conviction rights. Petitioner stated that he was pleading guilty because he was guilty of Counts (1) and (4) and that he was satisfied with counsel's services. Petitioner's knowing

and voluntary guilty plea waived his present non-jurisdictional claims of Indictment error and an insufficient factual basis. These § 2255 Motion to Vacate is therefore subject to dismissal

Petitioner's claims are also conclusively refuted by the record. First, Petitioner contends that the Indictment was insufficient because it did not inform him of Rehaif's knowing element. The Indictment charged Petitioner with violating § 922(g) by knowingly possessing a firearm while "**knowing that he had previously been convicted of at least one crime punishable by imprisonment for a term exceeding one year**…." (CR Doc. No. 1 at 2). Petitioner's contention that the Indictment did not charge him with the knowing element pursuant to Rehaif is incorrect and will be denied.

Second, Petitioner's contention that the Government did not prove that he knew his prohibited status at the time of the firearm possession pursuant to Rehaif is also conclusively refuted by the record. The Plea Agreement provides that Petitioner was pleading guilty as charged in Counts (1) and (4) of the Indictment and that he is guilty of those offenses. (CR Doc. No. 13 at 1). The Factual Basis provides that Petitioner possessed a firearm while **"knowing that he had previously been convicted of at least one crime punishable by imprisonment for a term exceeding one year**…." (CR Doc. No. 12 at 1) (emphasis added). Petitioner admitted under oath at the Rule 11 hearing that he was pleading guilty because he is guilty of Counts (1) and (4), as charged in the Indictment, that he read and understood the Plea Agreement, and that he read the Factual Basis, understood it, and agreed with it. (CR Doc. No. 16 at 1-4). Petitioner also stated, for purposes of acceptance of responsibility, that he is responsible for his offenses "as described in the Factual Basis." (CR Doc. No. 20 at ¶ 13). Petitioner repeatedly and clearly admitted to violating § 922(g), including that he knew of his prohibited status at the time of his firearm possession, which relieved the Government of its burden of proof. His present attempts to disavow

6

Case 5:19-cr-00102-KDB-DSC     Document 28     Filed 02/01/21     Page 6 of 8

the knowing element are conclusively refuted by his repeated statements under oath to the contrary and are rejected. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); see, e.g., United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005). Petitioner's claim that the Government failed to prove the knowledge element to support his § 922(g) conviction is belied by his admissions of guilt, and therefore, this claim will be denied.

Petitioner's present Rehaif claims were waived by his knowing and voluntary guilty plea and are conclusively refuted by the record. Therefore, Petitioner's § 2255 Motion to Vacate will be dismissed and denied.

### IV. CONCLUSION

For the foregoing reasons, the § 2255 Motion to Vacate is dismissed with prejudice and denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** and **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive

7

procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3. The Clerk is instructed to close this case.

Signed: February 1, 2021

Kenneth D. Bell
United States District Judge